KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EZEQUIEL GARCIA-GALINDO,<br>Defendant. | Criminal Case No. 08CR1272-H<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>**(1) PRESERVE EVIDENCE AND COMPEL DISCOVERY; AND**<br>**(2) GRANT LEAVE TO FILE FURTHER MOTIONS**<br><br>**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 27, 2008<br>Time: 2:00 p.m.<br>Court: The Hon. Marilyn L. Huff |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's discovery motion in the above-referenced case. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On April 23, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Ezequiel Garcia-Galindo ("Defendant") with being a Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On April 24, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. Defendant's Apprehension

On March 23, 2008, San Diego County Sheriff's Deputy K. Burmeister responded to a call regarding an unconscious person behind the wheel of a vehicle behind a Von's in Poway. Upon arrival, Deputy Burmeister observed a silver Honda driving around the Von's parking lot in an aimless manner. Deputy Burmeister attempted a vehicle stop and the Honda stopped and then began moving again several times before finally coming to a stop. The driver, later identified as Defendant Garcia-Galindo, then attempted to get out of the car, but failed to put the car in park. After putting the vehicle in park, Deputy Burmeister noted the strong smell of alcohol on Defendant's breath, that his speech was slurred, that his eyes were red and watery and he was having trouble maintaining his balance. Deputy M. Tally responded to conduct a DUI investigation. Deputy Tally identified Defendant with his Mexican Consular card in his name. Defendant stated he had lived in the United States for ten years, but admitted he did not have a California driver's license. Defendant was arrested and booked on DUI charges.

While Defendant was in state custody, ICE agent O. Galvan conducted an immigration interview and determined that Defendant was a citizen of Mexico. On March 27, 2008, Defendant was released from state custody and referred to ICE custody. ICE agents confirmed Defendant's identity and that he had been previously deported from the United States. Defendant was advised of his Miranda rights. Defendant elected to invoke his right to counsel. Defendant was also advised of his right to speak to the Mexican consular office and declined.

//

//

**B. Defendant's Criminal and Immigration History**

On or about February 27, 2001, Defendant was convicted in San Diego County Superior Court of statutory rape in violation of Cal. Penal Code § 261.5(c). The victim was a 17 year old mentally disabled girl. Defendant was sentenced to 412 days in custody and 5 years probation.

On April 16, 2001, Defendant was deported from the United States to Mexico by an Immigration Judge. Defendant was physically removed from the United State through the San Ysidro, California Port of Entry.

On March 26, 2008, Defendant was convicted of a misdemeanor DUI and sentenced to probation.

The Government has calculated Defendant's criminal history category as a category III.

**III**

**DEFENDANT'S MOTIONS**

**A. MOTION TO COMPEL DISCOVERY**

**1. Discovery in this Matter is Current**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 106 pages of discovery and one audiotape. The discovery produced to date includes the reports of Defendant's arrest, a copy of his A-file documents, his rap sheet, his aggravated felony arrest reports and conviction documents, and a copy of his deportation tape. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.

**2. The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its

witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests other specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3. The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

***a. Impeachment Evidence***

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 5.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [Id.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

//

//

***b. Witness Lists***

Defendant has been provided with a copy of the arrest report which includes the names of the individuals who participated in Defendant's apprehension. While the Government will supply a tentative witness list with its trial memorandum, it vigorously objects to providing home addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum at 5.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

***c. Personnel Records of Government Officers Involved in the Arrest***

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to testify. [Memorandum at 7.] As previously noted, the Government will comply with Henthorn and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

***d. Training of Law Enforcement Officers***

The Government objects to Defendant's overbroad request for all training material provided to all law enforcement agencies involved in this case related to interrogation of suspects and witnesses. The requested documents are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision. In addition, the Government does possess or control the requested training documents for the San Diego Sheriff's Department. As for training documents for the ICE agents involved in this case, Defendant invoked his rights and did not make

any statements so the request is without basis. Moreover, even if one or more of the officers or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights were not violated in this case. United States v. Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

**B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motion be denied.

DATED: May 17, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EZEQUIEL GARCIA-GALINDO,<br><br>Defendant. | ) | Criminal Case No. 07CR1272-H<br><br><br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Bridget Kennedy, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2008.

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney